UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

RENEE BROWN, Parent and Guardian of Minor Child
HOWARD BROWN,

                                                Plaintiffs,

               -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF EDUCATION, OFFICER
MELENDEZ and DEAN CALDERON,

                                                Defendants.
----------------------------------------------------------------------x

**ANSWER**

**07 CV 7007 (AKH) (DFE)**

**<u>JURY TRIAL DEMANDED</u>**

        Defendant the City of New York (the "City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the complaint.

        2. Denies the allegations set forth in paragraph 2 of the complaint, except admits that the City of New York is a municipal corporation

        3. Denies the allegations set forth in paragraph 3 of the complaint, except admits that the City of New York maintains a Department of Education.

        4. Denies the allegations set forth in paragraph 4 of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        5. Denies the allegations set forth in paragraph 5 of the complaint, except admits that plaintiff purports that venue is proper.

        6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.

8. Denies the allegations set forth in paragraph 8 of the complaint, except admits that there are several Officer Melendez's employed by the New York City Police Department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint.

10. The allegations set forth in paragraph 10 constitute legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations.

11. The allegations set forth in paragraph 11 constitute legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations.

12. Denies the allegations set forth in paragraph 12 of the complaint.

13. Denies the allegations set forth in paragraph 13 of the complaint.

14. Denies the allegations set forth in paragraph 14 of the complaint.

15. Denies the allegations set forth in paragraph 15 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19. Punitive damages are not available against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

20. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of the defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

21. There was reasonable suspicion to stop and detain plaintiffs.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

22. There was probable cause for plaintiffs' arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

23. This action may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

24. This action may be barred in whole or in part by the applicable limitations period.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

25. Plaintiff may have failed to comply with New York General Municipal Law § 50-e and accordingly, such claims may be barred.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

26.  The Department of Education is not a suable entity.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
     October 29, 2007

>                    MICHAEL A. CARDOZO
>                    Corporation Counsel of the
>                    City of New York
>                    Attorney for Defendant City of New York
>                    100 Church Street, Room 3-196
>                    New York, New York 10007
>                    (212) 788-9567
>
>              By:   _____
>                    Suzette Corinne Rivera (SR 4272)

TO:   Gary Fish, Esq.